CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 29 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERIC T. MYERS,<br>　　　　Petitioner, | )<br>)<br>) Civil Action No. 7:08-cv-00421<br>) |
| v. | ) **MEMORANDUM OPINION**<br>) |
| UNITED STATES OF AMERICA,<br>　　　　Respondent. | ) By: Hon. James C. Turk<br>) Senior United States District Judge |

Petitioner Eric T. Myers, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Upon review of the petition and the court's record of criminal proceedings against Myers in this court, Case No. 1:04CR00053, the court concludes that the petition must be transferred.

Myers is incarcerated at the United States Penitentiary ("USP") in Tucson, Arizona. In his § 2241 petition, Myers seeks to vacate his federal criminal sentence because it is based, in some respect, on two state court convictions that allegedly should have counted as one conviction for federal sentencing purposes. According to Myers, the state court expressly ruled that these two sentences should count as one "for recidivist purposes." Myers argues that by counting both of his state convictions against him in calculating his criminal history category under the sentencing guidelines, this federal court failed to give "full faith and credit" to the state court's ruling, in violation of his constitutional rights to due process and equal protection. He also asserts that he is actually innocent of the sentence he received.

Generally, a prisoner may seek judicial review of the execution of his sentence by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, in the district court with jurisdiction over the facility in which he is confined. Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). Under very limited circumstances, an inmate may file a § 2241 petition in the jurisdiction where he is confined in order to challenge the fact of his confinement. See, e.g., In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Ordinarily, however, a prisoner seeking to vacate his conviction or sentence must file a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, in the court where he

1

was convicted and sentenced, § 2255(a), within one year of the date on which his conviction became final, § 2255(f).[1]

Myers is not currently incarcerated within the territorial jurisdiction of this court. Rather, he is confined in a federal prison located in the state of Arizona. This court does not have jurisdiction over the warden of the prison in Arizona as the proper respondent in a petition brought under § 2241. This court cannot say whether or not Myers may be able to demonstrate to a federal district court in Arizona that he qualifies to pursue a § 2241 petition to raise the claims set forth in his § 2241 petition. However, as he is not confined in this district and as he recognizes that this petition would be untimely under § 2255(f) if construed as a motion to vacate under that statute, this court will transfer this action to the United States District Court for the District of Arizona for further disposition under § 2241. An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 28th day of July, 2008.

James C. Turk
Senior United States District Judge

---

[1] Myers was convicted and sentenced in this court in 2004 for two counts of robbery of a controlled substance and use of a firearm during and in relation to a violent felony. Judgement entered against him on November 22, 2004, sentencing him to a total of 152 months imprisonment and ordering him to pay restitution. He did not appeal. Therefore, Myers conviction became final for purposes of § 2255(f) on or about December 7, 2004, upon expiration of his ten-day opportunity to file a notice of appeal.